UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ASHLEY SMITH                                                    PLAINTIFF

VS.                                     CIVIL ACTION NO. 3:17CV471TSL-RHW

GENERAL MOTORS, LLC. AND
JOHN DOES 1-10                                                  DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant General Motors, LLC (GM) to dismiss. Plaintiff Ashley Smith has responded in opposition to the motion, and in addition, has moved to amend to "delineate with specificity" the basis for her claims. The court, having considered the memoranda of authorities submitted by the parties, concludes the motion to dismiss should be granted for the reason that plaintiff's claims are barred by the statute of limitations. It follows that plaintiff's motion to amend should be denied as moot.

Plaintiff Ashley Smith brought this action against GM seeking to recover damages for injuries she suffered in a January 31, 2014 automobile accident. In her complaint, Smith alleges that on that date, she was involved in a collision while driving her 2011 Chevrolet Traverse, which was designed, manufactured and sold by GM. She avers that due to a defect in the vehicle's airbag system, the airbag failed to deploy, as a result of which she was

caused to suffer excruciating, painful, and permanent injuries.[1] In her original complaint,[2] Smith undertook to assert product liability claims under the Mississippi Products Liability Act (MPLA), Miss. Code Ann. § 11-1-63 *et seq.*, and claims for common law negligence, fraudulent concealment, breach of implied warranty, and violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. In response to a motion for partial summary judgment by GM, plaintiff confessed all but her claims under the MPLA and for fraudulent concealment. An order of dismissal of the confessed claims was entered on August 2, 2017. GM has moved for dismissal of plaintiff's MPLA claims, contending they are time-barred and/or fail to state a claim upon which relief can be granted. It has moved for dismissal of her claim for fraudulent concealment contending she failed to plead fraud with specificity, as required by both Mississippi and Federal Rule of Civil Procedure 9(b).

In her complaint, plaintiff has undertaken to allege a claim for product defect based on a theory of design defect and failure

---

[1] Though her complaint is more specific, in broad terms, plaintiff alleges that corrosion wear in the airbag wiring harness connectors caused an increase in resistance, which resulted in the airbags failing to deploy during the collision.

[2] Plaintiff's original complaint was filed in state court and removed to this court by GM on the basis of diversity jurisdiction.

2

to warn.[3]  She has separately asserted a cause of action for fraudulent concealment in which she alleges she suffered personal injuries as a result of GM's having concealed from consumers and government regulators that the airbag systems in certain of its vehicles, including hers, were defective.[4]  The MPLA governs "any action for damages caused by a product, including but not limited to, any action based on a theory of strict liability in tort, negligence or breach of implied warranty...."  Miss. Code Ann. § 11-1-63.  See also Elliott v. El Paso Corp., No. 2013-IA-01338-SCT, 2015 WL 5157579 (Miss. Sept. 3, 2015) (citing Miss. Code Ann. § 11-1-63).  This includes claims for fraudulent concealment based on a theory that the defendant concealed product defects in violation of its duty to warn.  See Arnoult v. CL Med. SARL, No. 1:14CV271KS-MTP, 2015 WL 5554301, at *3 (S.D. Miss. Sept. 21, 2015) (claim for fraudulent concealment based on allegation that defendant breached its duty to warn consumers and physicians of product's defective nature was for "damages caused by a product"

---

[3] As defendant correctly argues in its motion to dismiss, plaintiff's original complaint is unclear as to the precise basis for her MPLA claim.  Her proposed amended complaint is somewhat more illuminating.

[4] Plaintiff has asserted fraudulent concealment both as a cause of action – denominated as count two of her complaint – and as a means of tolling the statute of limitations.

3

and thus governed by MPLA). MPLA claims are subject to the three-year statute of limitations in Mississippi Code Annotated § 11-1-49. Turnage v. McConnell Techs., 671 F. App'x 307, 308 (5th Cir. 2016). The statute states as follows:

> (1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.
>
> (2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.

Miss. Code Ann. § 15-1-49.

GM contends in its motion that the statute of limitations on plaintiff's MPLA claims began to run on January 31, 2014, the date of her automobile accident, and that her complaint in this cause, filed more than three years after that date, was untimely. In response, plaintiff argues that GM fraudulently concealed her cause of action, and that, in accordance with Mississippi Code Annotated § 15-1-67, its fraudulent concealment tolled the statute of limitations until March 17, 2014, the date on which GM issued a recall on certain vehicles, including her 2011 Chevy Traverse, on account of the defect in the vehicle's airbag system. Plaintiff submits that her complaint, filed March 10, 2017, is thus timely.[5]

---

[5] Plaintiff alleged in her complaint that "[a]ll applicable statutes of limitation have been tolled by operation of

4

Section 15-1-67 provides for tolling of the statute of limitations in limited circumstances, as follows:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Miss. Code Ann. § 15-1-67. See Robinson v. Cobb, 763 So. 2d 883, 887 (Miss. 2000) (holding that "[f]raudulent concealment of a cause of action tolls its statute of limitations") (citations omitted). The Mississippi Supreme Court has held a plaintiff

---

the discovery rule"; and she stated that she did not discover her cause of action until March 17, 2014, when GM issued the recall. In contrast to the doctrine of fraudulent concealment, the discovery rule of Mississippi Code Annotated § 15-1-49(2) does not *toll* the statute of limitations but rather establishes the date on which a cause of action involving latent injury or disease *accrues*. However, as GM pointed out in its motion, the discovery rule to which plaintiff refers applies only when a claim involves a "latent injury or disease," Miss. Code Ann. § 15-1-49(2). See Peavey Elec. Corp. v. Baan U.S.A., Inc., 10 So. 3d 945, 951 (Miss. Ct. App. 2009) (stating that "[w]ithout a latent injury, the discovery rule cannot apply."). Plaintiff does not dispute, nor does she have any arguable basis for disputing GM's contention that her claim does not involve any latent injury. Accordingly, she does not dispute that her cause of action accrued on the date of her accident. See Angle v. Koppers, Inc., 42 So. 3d 1, 5 (Miss. 2010) (cause of action accrues "upon discovery of the injury, not discovery of the injury and its cause"); Mosqueda v. Smith & Wesson Corp., No. 1:10CV235 LG-JMR, 2010 WL 4623946, at *1 (S.D. Miss. Nov. 4, 2010) (cause of action against gun manufacturer accrued when the gunshot incident occurred, not when the plaintiff subsequently discovered recall notice). Instead, her argument in response to GM's motion centers on her charge that the statute of limitations was tolled by GM's fraudulent concealment of her cause of action.

seeking to avail herself of the doctrine of fraudulent concealment to toll the running of the limitations period has "a two-fold obligation to demonstrate that (1) some affirmative act or conduct was done and prevented discovery of a claim," which act was designed to prevent the discovery of the claim, and "(2) due diligence was performed on [her] part to discover it." Stephens v. Equitable Life Assur. Soc'y of U.S., 850 So. 2d 78, 83 (Miss. 2003).

Here, plaintiff alleges that GM "knew of the dangerous airbag defect long before it took any action to rectify the defect," and that GM engaged in fraudulent concealment "by hiding the defects in the Plaintiff's vehicle" and by "conceal[ing] [from both consumers and regulators] the fact that problems existed with its airbags." She further alleges that she did not discover, and through the exercise of reasonable diligence, could not have discovered her cause of action until defendant finally issued a safety recall on the subject vehicle on March 17, 2017. In its motion, GM argues that plaintiff's complaint fails to adequately allege the requisites for tolling by fraudulent concealment. According to GM, she has failed to identify any affirmative act of concealment that would support tolling. In this vein, it acknowledges that an omission or concealment may be considered an affirmative act for purposes of the fraudulent concealment

6

doctrine "where there exists an affirmative duty of disclosure." Hare v. City Finance Co., Civ. Act. No. 4:01CV478LN, 2003 WL 21513125, at *2 (S.D. Miss. June 6, 2003). It maintains, however, that during what was the "arguably relevant time period," i.e., from the date of the accident, January 31, 2017, to the date of the recall, March 17, 2017, it had no duty of disclosure since, under Mississippi law, there is no post-sale duty to warn. GM asserts, moreover, that plaintiff's allegations do not suggest *any* diligence on her part to discover her cause of action.

In the court's opinion, contrary to GM's urging, it is not obvious that plaintiff has failed to adequately plead an affirmative act of concealment as required for application of the fraudulent concealment doctrine.[6] The court need not consider or

---

[6] GM's argument assumes that for purposes of the fraudulent concealment tolling doctrine, the affirmative act of concealment must post-date accrual of the cause of action. That is not necessarily the case. In Full House Resorts, Inc. v. Boggs & Poole Contracting Grp., Inc., 674 F. App'x 404 (5th Cir. 2017), as revised (Jan. 10, 2017), the Fifth Circuit held that under Mississippi law, "any temporal requirement" as to the affirmative act required for fraudulent concealment to toll the limitations period "is fact-specific." Id. at 406. The court rejected the notion that there must be a *subsequent* affirmative act of concealment and held that while the affirmative act must always be distinct from the wrongful act on which the claim is based, the affirmative act in some circumstances – depending on the nature of the claim – may precede the wrongful act on which the claim is based. Id. In addition, while courts do hold that Mississippi has no post-sale duty to warn, what this means is that there is no duty to warn of defects of which the manufacturer is not aware at the time of sale. See Austin v. Will-Burt Co., 361 F.3d 862, 870 (5th Cir. 2004) ("plain meaning of the MPLA's language is that the statute imposes liability on the manufacturer or seller for

7

decide this issue, however, as plaintiff's complaint is clearly devoid of any allegation (other than conclusory) of due diligence on her part to discover her cause of action. Here, plaintiff obviously knew on the date of the accident that the airbags failed to deploy. She may not have known the precise reason for the malfunction, but she unequivocally knew on that date that the airbags, had they functioned properly, should have deployed in the collision, and that they did not do so. She knew at that moment she potentially had a cause of action. Assuming for present purposes that plaintiff had no reason to suspect any problem with the vehicle's airbags prior to the accident, that was not the case once the accident occurred. At that point, she knew the airbags failed; and on that date, the statute of limitations clock began to run. Cf. Kampuries v. Am. Honda Motor Co., 204 F. Supp. 3d

---

warnings that were inadequate at the time of sale, not for warnings that became inadequate at some later time") (quoting Palmer v. Volkswagen of Am., Inc., 905 So. 2d 564 (Miss. Ct. App. Aug. 26, 2003)); Cross v. Amtec Med., Inc., No. 3:09-CV-00168-HTW, 2012 WL 4603396, at *8 (S.D. Miss. Sept. 30, 2012) (MPLA does provide for liability "for dangers that are known, or that reasonably should have been known, as of the time the product leaves the control of the manufacturer or seller."). Plaintiff herein alleges that GM knew of the airbag defect well prior to the time it shipped the vehicle to the dealer. The court notes, too, that plaintiff has alleged that GM knew of and yet concealed the defect from consumers, while touting the safety and reliability of its vehicles. Similar allegations were held sufficient to state a claim for fraudulent concealment under other states' laws in In re Gen. Motors LLC Ignition Switch Litig., No. 14-MC-2543 (JMF), 2017 WL 2839154, at *36 (S.D.N.Y. June 30, 2017), modified on reconsideration, No. 14-MC-2543 (JMF), 2017 WL 3443623 (S.D.N.Y. Aug. 9, 2017).

8

484, 492 (E.D.N.Y. 2016) ("Given that plaintiff's argument is that defendants hid from him the fact that his airbag was defective and would not deploy, this supposed fraud would actually have been uncovered as soon as plaintiff crashed and his airbag did not inflate. Thus, ... plaintiff must have discovered the alleged fraud at the time of his accident in 2007...."). Her complaint, filed more than three years later, was untimely.

For this reason, it is ordered that defendant's motion to dismiss is granted. It is further ordered that plaintiff's motion to amend is denied, since her proposed amended complaint would be time-barred, just as her original complaint is time-barred.[7]

A separate judgment will be entered in accordance with Fule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 13th day of October, 2017.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[7] See H.R. by & through Robinson v. Double J. Logistics, LLC, No. 3:16CV655TSL-RHW, 2017 WL 4158853, at *3 (S.D. Miss. Sept. 19, 2017) (motion to amend may be denied on basis of futility).

9